IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jarvis Logan,<br><br>                          Plaintiff,<br><br>     vs.<br><br>Holcim (US) Inc.; Claudio Butkus;<br>Sheetalnath Mahalungkar; K&G Industrial<br>Services, LLC; John Doe and John Doe<br>Corporation,<br><br>                          Defendants. | Civil Action No.   5:22-cv-03213-MGL<br><br>**DEFENDANT CLAUDIO BUTKUS'S<br>NOTICE OF REMOVAL** |

Defendant Claudio Butkus, with the consent of Defendants Holcim (US) Inc. ("Holcim") Sheetalnath Mahalungkar ("Mahalungkar"), and K&G Industrial Services, LLC ("K&G") hereby notices the removal of the above-referenced action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court, District of South Carolina, Orangeburg Division, from the South Carolina Court of Common Pleas for Orangeburg County (hereinafter, "Notice of Removal"). As grounds for removal, Holcim states:

**I.     REMOVAL OF THIS ACTION.**

1. On July 21, 2022, Plaintiff Jarvis Logan ("Plaintiff") filed a civil action against Defendants in the South Carolina Court of Common Pleas for Orangeburg County, captioned *Jarvis Logan vs. Holcim (U.S.), Inc., Claudio Butkus, Sheetalnath Mahalungkar, K&G Industrial Services, LLC; John Doe and John Doe Corporation*, Docket No. 2022-CP-38-01051 (hereinafter, "State Court Action"). True and accurate copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served on Defendants in this action.

2.    Butkus was served with the Summons and Complaint in the State Court Action on August 22, 2022. (Declaration of Claudio Butkus at ¶ 4, attached hereto as **Exhibit** B). Holcim was served with the Summons and Complaint on August 12, 2022, K&G was also served on August 12, 2022, and Mahalungkar was served on August 14, 2022.  All Defendants consent to this removal. Accordingly, Butkus's Notice of Removal is timely as it is filed within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

3.    The South Carolina Court of Common Pleas for Orangeburg County, where the State Court Action was pending, is within the Orangeburg Division of the United States District Court for the District of South Carolina. 28 U.S.C. § 121. The alleged incident giving rise to this action also occurred in Orangeburg County. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.    Written notice of the filing of this Notice of Removal is being given to Plaintiff by service hereof, and a copy of the Notice of Removal is being promptly filed with the South Carolina Court of Common Pleas for Orangeburg County, as required by 28 U.S.C. § 1446(d).

**II.    STATUTORY BASIS FOR JURISDICTION.**

5.    This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States. . . . " 28 U.S.C. § 1332(a).

<u>Amount in Controversy</u>

6.    First, the amount in controversy exceeds $75,000, exclusive of interest and costs. This is an action against Defendants to recover damages for an alleged personal injury that occurred

at the Holcim cement plant in Holly Hilly, South Carolina. Plaintiff alleges that he received serious and permanent injuries to various parts of his body and that he will continue to suffer great pain, humiliation, and mental anguish. Plaintiff also seeks to recover punitive damages. (*See* Complaint, ¶¶ 20, 34, 36)

Diversity of Citizenship

7. Second, there is complete diversity of citizenship between Plaintiff and the only properly named Defendant in this action.

8. Plaintiff is a citizen of the state of South Carolina. (Complaint ¶ 1).

9. Holcim is a corporation organized and incorporated in the state of Delaware with its principal place of business in the state of Illinois, and, thereby, it is a citizen of Delaware and Illinois within the meaning of 28 U.S.C. § 1332. (Complaint ¶ 3).

10. K&G is a corporation organized and incorporated in the state of Alabama with its principal place of business in the state of Alabama, and thereby, it is a citizen of Alabama within the meaning of 28 U.S.C. § 1332. (Complaint ¶ 9).

11. Although Mr. Butkus is alleged to have been a resident of Dorchester County, South Carolina at the time the incident occurred. However, at the time the Complaint was filed, Butkus was a citizen and resident of Texas. (Butkus Dec., ¶ 3).

12. Although Mr. Mahalungkar is alleged to be a citizen of South Carolina, his citizenship should be disregarded under the fraudulent joinder doctrine.

Fraudulent Joinder

13. When non-diverse defendants have been fraudulently joined, their citizenship may be disregarded by the court and the action may be removed. *See Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261, 264 (4th Cir. 2015); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th

Cir. 1999) (Fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.").

14. The party seeking removal based on alleged fraudulent joinder by the non-moving party must prove "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)) (alterations in original). To determine if a pleading is fraudulent, a court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990).

15. Because Plaintiff has failed to plead any facts showing that there is any possibility of a viable cause of action against the Individual Defendants, as explained further below, this Cout should disregard their citizenship for purposes of this removal.

### III.    NO VIABLE CLAIMS AGAINST MR. MAHALUNGKAR.

16. Mr. Mahalungkar is the only named resident Defendant.

17. While Plaintiff asserts a negligence cause of action against Mr. Mahalungkar, the Complaint only contains vague and/or conclusory allegations specific to Mr. Mahalungkar.

18. More specifically, aside for residency allegations, the following is the only allegation in the entire Complaint specifically related to Mr. Mahalungkar and his alleged role in causing Plaintiff's alleged injuries:

> Defendant Mahalungkar was the Maintenance Manager at the Holcim Plant in Orangeburg County. Defendant Mahalungkar was, upon information and belief, responsible for supervising and training certain maintenance personnel at the Holcim Plant, and he held duties and responsibilities related to the safety of third-party contractors, including Plaintiff.

4

(Complaint ¶ 8).

19. While Mr. Mahalungkar was the Maintenance Manager at the Holcim Plant when the accident occurred, he did not have any duties and responsibilities related to the safety of the Plaintiff. (Declaration of Sheetalnath Mahalungkar at ¶¶ 5-8, attached hereto at **Exhibit C**).

20. As alleged in the Complaint, Plaintiff was injured while dismantling scaffolding inside a clinker cooler at the Holcim Plant. (Complaint ¶ 17).

21. The function of dismantling scaffolding inside a clinker cooler would fall under the purview of the production team at the Holcim Plant, not the maintenance department managed, at the time, by Mr. Mahalungkar. (Mahalungkar Dec., ¶¶ 5-8).

22. The only cause of action asserted in this matter if for negligence/negligence per se.

23. In order to establish a claim for negligence, Plaintiffs must present evidence of a legal duty owed by Mr. Mahalungkar to Plaintiff, a breach of that duty by a negligent act or omission, and damages that were proximately caused by that breach. *See Andrade v. Johnson*, 356 S.C. 238, 588 S.E.2d 588, 592 (2003).

24. Here, these elements cannot be established because Mr. Mahalungkar had no roles or responsibilities in relation to the work being performed by Plaintiff on August 6, 2019. As such, there is no possibility that Plaintiff can establish a cause of action against Mr. Mahalungkar.

IV. **NO VIABLE CLAIMS AGAINST MR. MAHALUNGKAR UNDER S.C. WORKERS' COMPENSATION ACT**

25. In addition to having no viable claims against Mr. Mahalungkar based on Mr. Mahalungkar's job duties and responsibilities, Plaintiff's claim against Mr. Mahalungkar are barred by the South Carolina Workers' Compensation Act (hereinafter, "Act"). S.C. Code. Ann. § 42–1–540.

26. It is well established that the Act provides the exclusive remedy in suits by employees against their employers for injuries sustained by an employee arising out of and in the course and scope of employment. *See id., see also Strickland v. Galloway*, 560 S.E.2d 448, 449 (S.C. Ct. App. 2002).

27. While workers' compensation coverage generally depends on the existence of an employer-employee relationship, an upstream business owner in certain circumstances will be liable for the payment of compensation benefits to a worker even though the worker is not directly employed by that business. S.C. Code Ann. § 42-1-400;

28. To determine whether a worker is a statutory employee, one of the following three factors must be established: "(1) are an important part of the trade or business of the employer, (2) are a necessary, essential, and integral part of the business of the employer, or (3) have been previously performed by employees of the employer." *Glass v. Dow Chem. Co.*, 325 S.C. 198, 201, 482 S.E.2d 49, 50 (1997); *see also Edens v. Bellini*, 597 S.E.2d 863, 868 (S.C. Ct. App. 2004) (setting out the factors to consider when determining that a worker is a statutory employee under the Act).

29. The ultimate question is always whether the individual is performing work that is part of the owner's "trade, business or occupation." S.C. Code Ann. § 42-1-400; *see also Keene v. CNA Holdings, LLC*, 436 S.C. 1, 13, 870 S.E.2d 156, 162 (2021), reh'g denied (Apr. 5, 2022).

30. Here, Plaintiff was such a statutory employee of Holcim for purposes of workers' compensation. *See Edens*, 597 S.E.2d at 868; *see also Riden v. Kemet Elec. Corp.*, 437 S.E.2d 156, 158 (S.C. Ct. App. 1993) (holding that any doubts as to a worker's status should be resolved in favor of including the worker under the Act); *Provau v. YRC, Inc.*, No. 4:16-cv-00422-RBH, 2017 WL 1541880 (D.S.C. Apr. 28, 2017) (finding that a subcontractor who was performing

repairs on a truck on site was a statutory employee of freight company for purposes of workers' compensation). Accordingly, the Act provides the exclusive remedy for Plaintiff. *See id.*

31. An employee, including a statutory employee, who alleges that he was negligently injured by a co-employee conducting the employer's business may not hold a co-employee personally liable in tort, but must instead rely on the remedies provided by the Act. *Strickland*, 560 S.E.2d at 449. Because Mr. Mahalungkar was a co-employee of Plaintiff and acting within the scope of his employment, he cannot be held personally liable and Plaintiff's claims against them are not viable.

32. While the S.C. Supreme Court has held that the immunity under the Act does not extend to "the co-employee who commits an intentional tortious act upon another employee," *see Dickert*, 428 S.E.2d at 702, there is no allegation of such intentional tortious act here, nor could there be under the circumstance of this workplace accident. Intentional conduct has been defined as strictly as possible to include only injuries inflicted with "deliberate or specific intent," rather than those acts taken with mere indifference to substantially certain consequences but not causing some injury, expressly desired. *See Peay v. U.S. Silica Co.*, 437 S.E.2d 64, 65 (S.C. 1993).

33. Furthermore, no exceptions to the Act's exclusive remedy apply here. As explained by the South Carolina Supreme Court, "It is only when the tortfeasor/co-employee is the 'alter ego' of the employer that the liability falls outside the scope of the Act." *Dickert v. Metro. Life Ins. Co*, 428 S.E.2d, 700, 701 (S.C. 1993). The alter-ego exception applies only to "'dominant corporate owners and officers.'" *Id.* (internal citation omitted). Here, Plaintiff has not alleged, and cannot show, that the Individual Defendants were dominant corporate owners and/or officers of Holcim.

34. For the foregoing reasons, the Court should apply the fraudulent joinder doctrine and disregard the citizenship of Mr. Mahalungkar for purposes of diversity and removal. *See*

*Sibert v. Raycom Media, Inc.*, No. 3:17-CV-1544-CMC, 2017 WL 3721238 (D.S.C. Aug. 29, 2017) (finding that co-employee was fraudulently joined in action against employer because injured employee had failed to allege facts sufficient to show a possibility of recovery against co-employee outside the Act).

35. Accordingly, complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

For the reasons set forth above, Defendant Claudio Butkus, respectfully removes the State Court Action from the South Carolina Court of Common Pleas for Orangeburg County to this Honorable Court.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/*Jonathan M. Knicely*
G. Mark Phillips
Federal Bar No. 3051
Email: mark.phillips@nelsonmullins.com
151 Meeting Street, Suite 600
Charleston, SC 29401-2239
Phone: (843) 853-5200
Fax (843) 722-8700

Jonathan M. Knicely
Federal Bar No. 12103
E-Mail: jonathan.knicely@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000

*Attorneys for Defendant Claudio Butkus*

Columbia, South Carolina

September 21, 2022.