ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br><br>Jarvis Logan,<br><br>                Plaintiff,<br><br>vs.<br><br>Holcim (U.S.), Inc.; Claudio Butkus; Sheetalnath Mahalungkar; K&G Industrial Services, LLC; John Doe and John Doe Corporation,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br>Case No. 2022-CP-38-<br><br><br><br><br>**SUMMONS** |

**TO:     DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, SC 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

                              WILLIAMS & WILLIAMS

By:    s/ J. Andrew Delaney
        David R. Williams (SC Bar # 77899)
        Virginia W. Williams (SC Bar # 77898)
        J. Andrew Delaney (SC Bar # 72863)
        1281 Russell Street (29115)
        Post Office Box 1084
        Orangeburg, South Carolina 29116
        Tel: 803.534.5218
        david@williamsattys.com
        ginny@williamsattys.com
        andy@williamsattys.com
        *Attorneys for Plaintiff*

July 21, 2022

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Jarvis Logan,<br><br>       Plaintiff,<br><br>vs.<br><br>Holcim (U.S.), Inc.; Claudio Butkus; Sheetalnath Mahalungkar; K&G Industrial Services, LLC; John Doe and John Doe Corporation,<br><br>       Defendants. | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br>Case No. 2022-CP-38-<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, above-named, complaining of Defendants herein, would allege and show to the Court the following:

1. Plaintiff is a citizen and resident of the County of Calhoun, State of South Carolina.

2. This suit arises out of an incident that occurred on August 6, 2019, in Orangeburg County, South Carolina wherein Plaintiff was injured while working as a third-party contractor at a cement plant owned, operated and maintained by Defendant Holcim (U.S.), Inc. (hereinafter "Holcim") when an employee of Defendant K&G Industrial Services, LLC (hereinafter "K&G") was performing work above Plaintiff and knocked loose a lump of clinker buildup that fell onto Plaintiff's head and neck.

3. Upon information and belief, Holcim is a Delaware corporation with its principal place of business in the state of Illinois. Holcim owns and operates the subject cement plant in Orangeburg County at the address of 200 Safety Street, Holly Hill, SC 29059 ("Holcim Plant") and employs hundreds of workers at this location. The Holcim Plant's sole business purpose and trade is the surface mining of limestone and the production of cement.

4. Upon information and belief, Holcim is the largest cement producer in the United States. At its Orangeburg county location, Holcim produces over 2.2 million metric tons of cement per, Holcim derives substantial revenues from mining, producing, and selling cement and related products and materials in the State of South Carolina.

5. Defendant Holcim has a long, extensive history of sub-standard safety and health conditions at the Holcim Plant.

6. At all times relevant to this matter, Holcim was acting by and through its respective employees, apparent agents, agents, officers, and servants, including Co-Defendant Butkus and Co-Defendant Mahalungkar who were acting within the course and scope of their employment, agency, and/or contractual or other relationship and/or authority.

7. Upon information and belief, Defendant Butkus was a resident of Dorchester County, South Carolina at the time of incident complained of herein. At all times, relevant to this matter, Defendant Butkus as the Plant Manager of the Holcim Plant in Orangeburg County and was responsible for supervising, managing, and overseeing Holcim's personnel and ensuring that the plant was being operated in a reasonably safe manner, adhering to all applicable industry safety standards pertaining to cement plants and other large industrial operations, including those applicable to the safety of third-party contractors. Upon information and belief, Defendant Butkus had the power and authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of Defendant Holcim's property and business.

8. Upon information and belief, Defendant Mahalungkar was a resident of Charleston County, South Carolina at the time of incident complained of herein. At all times relevant to this matter, Defendant Mahalungkar was the Maintenance Manager at the

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

Holcim Plant in Orangeburg County. Defendant Mahalungkar was the Maintenance Manager at the Holcim Plant in Orangeburg County. Defendant Mahalungkar was, upon information and belief, responsible for supervising and training certain maintenance personnel at the Holcim Plant, and he held duties and responsibilities related to the safety of third-party contractors, including Plaintiff. Upon information and belief, Defendant Butkus had the power and authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee maintenance personnel and the premises wherein such personnel were working.

9. Upon information and belief, Defendant K&G is an Alabama corporation with its principal place of business in the state of Alabama. Defendant K&G was performing refractory and industrial maintenance at the Holcim Plant cement plant in Orangeburg County at the address of 200 Safety Street, Holly Hill, SC 29059 ("Holcim Plant").

10. Upon information and belief, John Doe is a citizen and resident of Orangeburg County, South Carolina, an employee of Defendant K&G, and at the time of the occurrence referenced herein, was working at the Holcim Plant, performing work in the clinker cooler above where Plaintiff was working.

11. Upon information and belief, Defendant John Doe Corporation is a refractory and industrial maintenance company providing services in Orangeburg, South Carolina. Defendant Doe Corporation was performing refractory and industrial maintenance at the Holcim Plant cement plant in Orangeburg County at the address of 200 Safety Street, Holly Hill, SC 29059 ("Holcim Plant").

12. Venue is proper in Orangeburg County, South Carolina.

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

## FACTUAL BACKGROUND

13. At all times relevant herein, Plaintiff was employed by Custom Quality Scaffolding (CQS), a subsidiary of MacAljon/SCL Inc.

14. Defendant Holcim hired CQS to erect and then dismantle scaffolding at its Holcim Plant so that maintenance could be completed at the Holcim Plant.

15. Defendant Holcim hired Defendant K&G to perform maintenance and refractory services at its facility.

16. CQS providing scaffolding that Defendant K&G used to perform maintenance and refractory services at the Holcim Plant.

17. On or about August 6, 2019, Plaintiff was dismantling scaffolding inside a clinker cooler at the Holcim Plant.

18. Despite knowledge that CQS and, specifically Plaintiff, were dismantling scaffolding directly below them, Defendant K&G and its employees continued its maintenance and refractory services.

19. An employee of the Defendants dislodged a lump of clinker buildup and it fell from above striking the Plaintiff in his head and neck.

20. As a result of Defendants' negligence, recklessness, carelessness, willfulness, wantonness, and gross negligence, Plaintiff received serious and permanent injuries resulting in both suffering medical care, medical expenses, severe excruciating pain, and serious, permanent injuries which have and will in the future cause each to endure great physical pain, suffering, mental anguish, emotional distress, and ultimately cause Plaintiff to incur future medical bills and wage loss.

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

## **FOR A FIRST CAUSE OF ACTION**
### (Negligence/Negligence per Se)

21. Plaintiff re-alleges and reiterates the allegations set forth in the previous paragraphs as if set out herein verbatim.

22. Defendants owed Plaintiff a duty of care to discovery certain latent and known dangers and to take safety precautions to warn of or eliminate unreasonable risks.

23. Defendants had an obligation to provide Plaintiff with a reasonably safe work environment, free of unnecessary risks and hazards, and had a duty to maintain the premises in a reasonably prudent manner for its invitees such as Plaintiff.

24. Defendants knew of or should have known of the inherent dangers of performing maintenance and refractory services from an elevated position while workers like Plaintiff were working below.

25. Defendants failed to inform Plaintiff that Defendant K&G was continuing to work above him as Plaintiff was dismantling scaffolding below.

26. Defendants failed to prepare the premises and make it reasonably safe for Plaintiff to perform his work in dismantling the scaffolding.

27. Upon information and belief, there were no verbal or written warnings issued by Defendants to make Defendants' employees aware of Plaintiff's work below them.

28. Upon information and belief, Defendants had no applicable policy or procedure to block or limit access to the area below where Plaintiff was working while Defendants' employees worked above.

29. Plaintiff was not informed or aware of the lack of safety precautions taken by Defendants and had a right to rely on their representations that his work would be completed in a safe, reasonable manner and that the premises where Plaintiff was working would be maintained and secured so as to promote and ensure his safety.

30. Defendants knew of or should have anticipated the physical harm that could be caused by allowing maintenance and refractory services to be performed from above while Plaintiff was working below.

31. At the time and place mentioned above, Defendants were negligent, reckless, willful and wanton, in one or more of the following particulars, to wit:

    a. In failing to use reasonable care to inspect and discover hidden dangerous conditions on Defendant Holcim's property;

    b. In failing to warn Plaintiff about the dangerous working conditions on Defendant Holcim's property;

    c. In failing to take any steps to eliminate or restrict access to the area below while Defendants worked above;

    d. In failing to take any steps to eliminate or restrict access to the area above while Plaintiff worked below;

    e. In failing to take appropriate safety measures to ensure that Plaintiff could safely perform his work in dismantling the scaffolding without the risk of serious injury;

    f. In failing to abide by state and federal regulations pertaining to safety conditions at Holcim Plant;

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

ELECTRONICALLY FILED - 2022 Jul 21 1:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

g. The failure by Defendants Holcim, Butkus and/or Mahalungkar to adequately train and/or supervise its employees or third-party contractors with respect to appropriate safety measures;

h. The failure by Defendants Holcim, Butkus and/or Mahalungkar to establish policies, protocols or procedures regarding the proper sequencing and scheduling of maintenance work by its employees and worker and third-party contractors;

i. In failing to exercise the degree of care that a reasonably prudent company would have exercised under the same or similar circumstances;

j. In such other and further particulars that the evidence in trial may show.

32. Defendant Holcim is vicariously liable for the acts and omissions of its employees under the common law and statutory theories of contractor/subcontractor, respondeat superior, agency and master/servant liability.

33. Defendant K&G is vicariously liable for the acts and omissions of its employees under the common law and statutory theories of contractor/subcontractor, respondeat superior, agency and master/servant liability

34. By reason and in consequence of Defendants' conduct, Plaintiff has sustained severe and permanent injuries to various parts of his body and these injuries were of such a nature so as to require him to expend monies, seek doctors' care, and incur other medical necessities.  Plaintiff has suffered and will continue to suffer great pain, humiliation and mental anguish.

35. All of which combined and concurred as a direct and proximate cause of the injuries and damages sustained by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

36. Plaintiff is informed and believes that he is entitled to actual damages in an amount which would adequately compensate him for his injuries and damages as well as for reasonable punitive damages as may be determined by the trier in fact.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages and for punitive damages as may be determined by the trier of fact, the cost of this action and for such other and further relief as this Court may deem just and proper.

                                                    WILLIAMS & WILLIAMS

By:    s/ J. Andrew Delaney
         David R. Williams (SC Bar # 77899)
         Virginia W. Williams (SC Bar # 77898)
         J. Andrew Delaney (SC Bar # 72863)
         1281 Russell Street (29115)
         Post Office Box 1084
         Orangeburg, South Carolina 29116
         Tel: 803.534.5218
         david@williamsattys.com
         ginny@williamsattys.com
         andy@williamsattys.com
         *Attorneys for Plaintiff*

July 21, 2022

ELECTRONICALLY FILED - 2022 Aug 17 12:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ORANGEBURG ) | CASE NO: 2022-CP-38-01051 |
| ) | |
| Jarvis Logan, ) | |
| ) | |
| Plaintiff, ) | **AFFIDAVIT OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| Holcim (U.S.), In., Claudio Butkus, ) | |
| Sheetalnath Mahalungkar, K&G ) | |
| Industrial Services, LLC, John Doe, ) | |
| and John Doe Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The undersigned, Debbie Brothers being duly sworn, says that she served the foregoing: **COVER LETTER, SUMMONS AND COMPLAINT** in the above captioned action upon the Defendant **SHEETALNATH MAHALUNGKAR** by delivering the same to:

(X) the individual personally, or

( ) person of suitable age and discretion residing at the residence of the defendant and leaving with him/her one (1) copy of the same at his usual place of abode **1201 Eagle Landing Blvd., Hanahan, SC 29410** on the **14th** day of **August, 2022**, at **2:05 p.m.**

The Affiant further says, that upon information and belief, she know the person so served to be the defendant mentioned and described in the documents served and that the affiant is not a party to nor interested in the action.

*signature: Debbie Brothers*

Debbie Brothers

SWORN TO before me this 17 day of August, 2022

Notary Public for S.C.
My Commission Expires: 03/6/2025



ELECTRONICALLY FILED - 2022 Aug 18 9:47 AM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br>Case No. 2022-CP-38-01051 |
| Jarvis Logan,<br><br>                Plaintiff,<br><br>vs.<br><br>Holcim (U.S.), Inc.; Claudio Butkus; Sheetalnath Mahalungkar; K&G Industrial Services, LLC; John Doe and John Doe Corporation,<br><br>                Defendants. | **AFFIDAVIT OF SERVICE** |

    I, Christle Turner, the undersigned employee of Williams & Williams, do hereby certify that I have served a copy of Plaintiff's Summons and Complaint in the above-captioned matter by depositing a copy of same in the United States Mail, postage prepaid, via certified mail, return receipt requested, on August 9, 2022. Said original Certified Mail Return Receipt is attached hereto showing that these documents were accepted and signed for by CT Corporation System, the registered agent for Defendant K&G Industrial Services, Inc. on August 12, 2022.

                                                _____<br>
                                                Christle Turner

Sworn to and subscribed before me    )<br>
this 17th day of August, 2022         )<br>
                                      )<br>
_____ )<br>
Notary Public for South Carolina      )<br>
My Commission Expires 9/17/2024 )



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   K & G Industrial Services, LLC
   C/o CT Corporation System
   2 Office Park Court, #103
   Columbia, SC 29223

   9590 9402 7474 2055 5168 62

2. Article Number (Transfer from service label)

   7017 2680 0000 8425 2459

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X Lisa Cutler — ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 8/2/22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Aug 18 9:47 AM



USPS TRACKING #

9590 9402 7474 2055 5168 62

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**WILLIAMS & WILLIAMS**
Attorneys at Law
1201 Main Street, Suite 910
Columbia, South Carolina 29201
**Attention: Christle Turner**

Jarvis Logan

ELECTRONICALLY FILED - 2022 Aug 18 9:47 AM

ELECTRONICALLY FILED - 2022 Aug 18 9:47 AM - ORANGEBURG - COMMON PLEAS - CASE#2022CP3801051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br>Case No. 2022-CP-38-01051 |

Jarvis Logan,

                Plaintiff,

vs.

Holcim (U.S.), Inc.; Claudio Butkus; Sheetalnath Mahalungkar; K&G Industrial Services, LLC; John Doe and John Doe Corporation,

                Defendants.

**AFFIDAVIT OF SERVICE**

I, Christle Turner, the undersigned employee of Williams & Williams, do hereby certify that I have served a copy of Plaintiff's Summons and Complaint in the above-captioned matter by depositing a copy of same in the United States Mail, postage prepaid, via certified mail, return receipt requested, on August 9, 2022. Said original Certified Mail Return Receipt is attached hereto showing that these documents were accepted and signed for by CT Corporation System, the registered agent for Defendant Holcim (U.S.) Inc. on August 12, 2022.

                                            _____
                                            Christle Turner

Sworn to and subscribed before me  )
this 17th day of August, 2022.        )
                                       )
_____  )
Notary Public for South Carolina    )
My Commission Expires 9/17/2024 )

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Lisa Culler          ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Lisa Culler                8/22/22 |
| 1. Article Addressed to:<br>Holcim (US) Inc.<br>C/O CT Corporation System<br>2 Office Park Court, #103<br>Columbia, SC 29223 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 9590 9402 7474 2055 5168 79 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7017 2680 0000 8425 2466 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

ELECTRONICALLY FILED - 2022 Aug 10 9:47 AM

USPS TRACKING #

COLUMBIA SC 290

12 AUG 2022 PM 2 L

9590 9402 7474 2055 5168 79

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**WILLIAMS & WILLIAMS**
Attorneys at Law
1201 Main Street, Suite 910
Columbia, South Carolina 29201
**Attention: Christle Turner**

Jarvis Logan

1-328035

ELECTRONICALLY FILED - 2022 Aug 18 9:47 AM